# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **JOHN PHILIP MAHLBACHER**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LEE COUNTY BOARD OF COUNTY COMMISSIONERS**,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:25-cv-1065**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, JOHN PHILIP MAHLBACHER ("MAHLBACHER" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

### INTRODUCTION

1. This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

1

3. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since Lee County is within the Fort Myers Division.

## PARTIES

4. Plaintiff, JOHN PHILIP MAHLBACHER ("MAHLBACHER") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by the Defendant.

5. Defendant, THE BOARD OF COUNTY COMMISSIONERS OF LEE COUNTY, FLORIDA ("Defendant") is a political subdivision of the State of Florida. The Defendant was MAHLBACHER's employer. At all material times, the Defendant employed greater than fifty (50) employees and was Plaintiff's employer.

## GENERAL ALLEGATIONS

6. MAHLBACHER began his employment with the Defendant in or about May 2016 and was employed as a Lead Reviewer Development.

7. MAHLBACHER performed his assigned duties in a professional manner and was very well qualified for his position.

8. MAHLBACHER suffers from several serious health conditions, including diabetes and chronic pain from broken bones and joint injuries, which require ongoing medical treatment and care from healthcare providers.

9. These serious health conditions are chronic in nature and when they flare up, MAHLBACHER is incapacitated and requires treatment by a healthcare provider for these chronic conditions more than twice a year.

10. Additionally, MAHLBACHER's spouse suffered from a serious health condition, specifically an autoimmune disease, requiring rotator cuff surgery, for which MAHLBACHER needed to take FMLA leave to care for his spouse.

11. In or about 2025, MAHLBACHER requested FMLA leave to care for his spouse who required rotator cuff surgery and for his own serious health conditions, including diabetes requiring regular medical appointments.

12. The Defendant acknowledged receiving MAHLBACHER's request for FMLA leave but failed to properly process it and failed to inform MAHLBACHER of the same.

13. Prior to requesting FMLA leave, when MAHLBACHER informed the Defendant that he needed eye surgery, the Defendant told him that he was going to be "a burden to his coworkers" while he was out, demonstrating the Defendant's hostility toward MAHLBACHER's exercise of his FMLA rights.

14. As soon as MAHLBACHER began utilizing his rights under the FMLA, the Defendant began retaliating against him.

15. On or about August 21, 2025, when MAHLBACHER reported to work intending to commence intermittent FMLA leave, he was immediately pulled into a conference room and presented with a Notice of Proposed Corrective Action.

16. When MAHLBACHER refused to sign the Notice of Proposed Corrective Action and informed the Defendant that he was taking FMLA time off, the Defendant immediately placed him on unpaid administrative leave.

17. The Defendant then walked MAHLBACHER out of the workplace, confiscated his security fob and parking pass, and revoked his access to all of the Defendant's computer systems.

18. On or about September 23, 2025, the Defendant held a separation meeting with MAHLBACHER, thus ending MAHLBACHER's nearly 10-year tenure with the Defendant.

19. Because of his use of what was FMLA leave, the Defendant sought to terminate MAHLBACHER and deny MAHLBACHER his rights under the FMLA.

## COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") – INTERFERENCE

20. The Plaintiff hereby incorporates by reference Paragraphs 1-19 in this Count by reference as though fully set forth below.

21. MAHLBACHER qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); since he began suffering from a serious health condition and his spouse suffered from a serious health condition requiring surgery. MAHLBACHER had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a healthcare provider.

22. MAHLBACHER informed the Defendant of his need for medical leave for his serious health conditions and to care for his spouse's serious health condition.

23. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

24. If the Defendant were to have decided that MAHLBACHER's absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

25. In fact, the Defendant should have determined that MAHLBACHER was eligible for leave under the FMLA but terminated his employment because of his request for federally protected medical leave.

26. MAHLBACHER engaged in activity protected by the FMLA when he requested leave due to his serious health conditions and to care for his spouse's serious health condition, consistently informing the Defendant of the same.

27. The Defendant knew, or should have known, that MAHLBACHER was exercising his rights under the FMLA and was aware of MAHLBACHER's need for FMLA-protected absence.

28. MAHLBACHER complied with all of the notice and due diligence requirements of the FMLA.

29. The Defendant was obligated, but failed, to allow MAHLBACHER to take FMLA leave and to return MAHLBACHER, an employee who requested FMLA leave, to his former position or an equivalent position with the same pay, benefits, and working conditions when he tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

30. A causal connection exists between MAHLBACHER's request for FMLA-protected leave and his termination from employment with the Defendant because the Defendant denied MAHLBACHER a benefit to which he was entitled under the FMLA.

31. As a result of the above-described violations of FMLA, MAHLBACHER has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II - VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA") – RETALIATION

32. The Plaintiff hereby incorporates by reference Paragraphs 1-19 in this Count by reference as though fully set forth below.

33. MAHLBACHER qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); since he began suffering from a serious health condition and his spouse suffered from a serious health condition requiring surgery. MAHLBACHER had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an

7

illness, injury, impairment, or physical or mental condition that involves treatment by a healthcare provider.

34. MAHLBACHER informed the Defendant of his need for medical leave for his serious health conditions and to care for his spouse's serious health condition.

35. The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

36. If the Defendant were to have decided that MAHLBACHER's absence was not FMLA-qualifying, it must have notified him of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

37. In fact, the Defendant should have determined that MAHLBACHER was eligible for leave under the FMLA and terminated his employment because of his request for federally protected medical leave.

38. MAHLBACHER engaged in activity protected by the FMLA when he requested leave due to his serious health conditions and to care for his spouse's serious health condition, consistently informing the Defendant of the same.

39. The Defendant knew, or should have known, that MAHLBACHER was exercising his rights under the FMLA and was aware of MAHLBACHER's need for FMLA-protected absence.

40. MAHLBACHER complied with all of the notice and due diligence requirements of the FMLA.

41. A causal connection exists between MAHLBACHER's request for FMLA-protected leave and his termination from employment with the Defendant.

42. The Defendant retaliated by altering the terms and conditions of MAHLBACHER's employment by placing him on unpaid administrative leave, walking him out of the workplace, confiscating his security access, and ultimately terminating MAHLBACHER's employment because he engaged in the statutorily protected activity of requesting and taking FMLA leave.

43. As a result of the above-described violations of FMLA, MAHLBACHER has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A),

reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, JOHN MAHLBACHER, by and through his undersigned attorneys, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: November 20, 2025   **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com